IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00248-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

VERONICA LEYBA,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on October 17, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffers by the defendant and the government.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government

and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment with Prohibited Person in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).

Second, based upon the Indictment, I find probable cause exists as to the above listed charge.

Third, I find that nature of the charge in this case involves the possession of a firearm and ammunition by a previously convicted felon.

Fourth, I find that defendant has been incarcerated for four months and is currently unemployed.  Defendant has no assets and owes money on her student loans.  Defendant suffers from seizures and is prescribed Gabapentin and Neurontin for such seizures.  Defendant self reported that she was diagnosed with post-traumatic stress disorder [PTSD] in 2008.  Defendant is prescribed Seroquel and Klonopin for her PTSD.  Defendant has a history of alcohol use and has suffered a conviction for DWAI.  Defendant has also used marijuana, ecstasy, cocaine, hallucinogens and methamphetamine in the past.  Defendant has previously participated in the Haven Program in 2008 and 2011 for drug addiction.  Defendant has used seven alias names and one alias date of birth in the past.  Defendant has suffered 25 prior failures to appear which resulted in 14 warrants being issued.  Defendant has had her bond revoked three times in the past.

Fifth, I find that defendant has suffered a **juvenile adjudication** for Third Degree Assault.  In this juvenile delinquency case defendant used the alias name of Veronica Louise Martinez.  Defendant has suffered **adult convictions** for False Information (2 convictions); Interference; Resistence; Disturbing the Peace; Assault (2 convictions); False Reporting; Driving Without a Driver's License; DWAI; Criminal Mischief $1,000-$20,000 (felony); Driving Under Restraint; Unlawful to Use Slugs; Driver's License-Permit Unauthorized Minor to Drive; Seat Belt Required; Speeding 10-14 Over Limit; Shoplifting (2 convictions); Driving Through Barricades; Possession of Schedule I Controlled Substance - 1 Gram or Less (felony); Failure to Signal for Turns; Operating

Unsafe Vehicle; Carrying a Concealed Weapon - Knife/Gun (2 convictions); Disorderly Conduct - Unreasonable Noise; Distribution of a Controlled Substance Schedule III (felony); Theft $500-$1,000; Possession of a Controlled Substance Schedule I or II (felony); Telephone-Obstruct Service; Unsafe or Defective Vehicle; and License Plates Not Clearly Visible. Defendant has had her deferred sentence; probation, community corrections; and parole revoked in the past. ***See defendant's 16 page criminal history in the pretrial services report.*** Defendant has committed new criminal offenses while on a deferred sentence and while on parole in the past. Defendant has absconded from parole and her parole was revoked in the past. Defendant has two pending felony cases in Jefferson County District Court in Case Nos. 17-cr-863 and 17-cr-1959. In Case No. 17-cr-863 the defendant is charged with (1) Possession With Intent to Distribute Controlled Substance - 7-112 Grams (felony); (2) Possession of a Controlled Substance (felony); (3) Driving Under Restraint; (4) Possession of Drug Paraphernalia; and (5) Failure to Display Proof of Insurance. In Case No. 17-cr-1959 the defendant is charged with two counts of Possession of a Controlled Substance (felony). Defendant is not contesting detention at this time.

In light of these facts, I find, by clear and convincing evidence, that defendant is both a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure his presence in court and the safety of the community. Accordingly, I order that the defendant be detained without bond.

Done this 17th day of October 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge